UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-14420-CV-ROSENBERG/MAYNARD

**ATLANTIC HEALTHCARE, LLC, et. al.,**

    **Plaintiffs,**

v.

**ARGONAUT INSURANCE COMPANY,**

    **Defendant.**

_____/

**ORDER ON PLAINTIFFS' AMENDED MOTIONS TO COMPEL (DE 106 & 107)**

**THIS CAUSE** is before the Court upon the above Motions. Upon consideration of the parties' arguments and being otherwise fully advised in the premises, the undersigned orders as follows.

**BACKGROUND**

This case is a declaratory action regarding the obligation of an insurer, Defendant Argonaut Insurance Company ("Argonaut" or "Defendant"), to defend its insureds, Plaintiffs, from claims made against them in an underlying action in Florida state court. On October 15, 2020, the undersigned issued a Report and Recommendation that Plaintiffs' Motion for Summary Judgment be granted as to the sole issue in this case, which was whether Argonaut had a duty to defend Plaintiffs in the underlying state action. DE 73. On January 27, 2021, the Honorable Robin L. Rosenberg, the presiding judge in this case, adopted the recommendation over Defendant's objections and entered a Final Judgment for Plaintiffs on February 9, 2021. DE 75, 77, and 82.

After the entry of the Final Judgment, Plaintiffs moved for Costs and Attorney Fees. DE 91 and 94. On April 1, 2021, Defendant filed the instant Expedited Motion to Extend Deadline

seeking an extension of the April 2, 2021 deadline to file a Response to Plaintiffs' Motion for Attorney Fees. DE 101. The undersigned granted Defendant's Motion in part, vacating the April 2, 2021 Response deadline, and took the new Response deadline under advisement. DE 102. On April 12, 2021, the undersigned held a telephonic conference with the parties to discuss the discovery and briefing schedule for Plaintiffs' Motion for Attorney Fees. DE 111. Defendant's Response deadline was then set for June 25, 2021. DE 115.

During the pendency of Defendant's Expedited Motion to Extend Deadline, Plaintiffs filed the instant Motions to Compel requesting the Court order Defendant to provide better responses to the fee discovery propounded by Plaintiffs. DE 106 and 107. The undersigned considers the Motions to Compel in turn.

## DISCUSSION

I. **Plaintiffs' Amended Motion to Compel Responses to Requests for Production (DE 106)**

Plaintiffs' first Motion to Compel concerns Defendant's responses to five Requests for Production ("RFP"). The five RFPs seek: (1) copies of all time sheets and bills generated by any of Defendant's attorneys for defending this case; (2) all expert reports generated by Defendant's fee experts; (3) the resume of Defendant's fee expert(s); (4) a copy of any retainer agreements by and between Defendant and Defendant's fee experts; and (5) a copy of any fee agreements entered between Defendant and Defendant's attorney with regard to the hourly rate and how the attorney can bill Defendant. DE 106-1.

In response to the RFPs, Defendant proffered several pages of general objections and qualifications as well as specific objections to each request. *See id.* Pursuant to the undersigned's standing Discovery Procedures Order as well as this District's Local Rules, the general objections and qualifications are meaningless and without merit. DE 7 at 4-5; S.D. Fla. Local. R.

26.1(e)(2)(A) ("Where an objection is made to any integratory or subpart thereof or to any production request . . . the objection shall state with specificity all grounds."); *also e.g. S.E.C. v. Merkin*, No. 11-23585-CIV, 2012 WL 3203037, at *8 (S.D. Fla. Aug. 3, 2012) ("Generalized objections asserting attorney-client privilege or the work product doctrine do *not* comply with the Local Rules. . . Boilerplate objections . . . are inadequate, meaningless, and preserve nothing for the party making such objections.").

Defendant objected to Request Nos. 2 through 4—those related to Defendant's fee expert(s)—because at that time it did not yet have retainer agreements with, resumes for, or reports from any fee expert. DE 106-1. Defendant then stated it would comply with the Federal Rules of Civil Procedure regarding expert disclosures. *Id.* Plaintiffs argue that Defendant should already have provided this information because Plaintiffs have been attempting to discuss fees with Defendant since October 2020 and, thus, Defendant has had "ample opportunity" to obtain an expert. DE 106 at 4. Defendant further explained at the April 12, 2021 telephonic conference that it still did not have an expert(s) selected because it did not know the timeframe for fee discovery, which would effect which potential expert could take on the job. Given the fact that deadlines have now been set for a deposition of Plaintiffs' attorney and Defendant's Response deadline, *see* DE 115, Defendant should have no further issue in finalizing its expert(s) for this case, if any. If Defendant ultimately employs an expert(s) in responding to Plaintiffs' motion for fees, Plaintiffs are entitled to the information sought in Request Nos. 2 through 4. Therefore, Defendant shall produce documents responsive to Request Nos. 2 through 4 for any expert it uses in responding to Plaintiffs' fee motion. Defendant shall produce this information to Plaintiffs on or before the date on which it files its Response to Plaintiffs' Motion for Fees. Plaintiffs will then have an opportunity to review and address these materials as needed in their Reply.

Defendant objected to Request Nos. 1 and 5—which seek copies of Defendant's attorneys' time sheets, bill, and fee agreement(s)—based on attorney-client privilege, work product privilege, and relevance. DE 106-1 at 5, 7. As to the relevance, Defendant contends that its counsel's fees are irrelevant because it "is not currently challenging" the reasonableness of the amount of time spent by Plaintiffs' counsel, only the hourly rate and multiplier. *Id.*; *see also* DE 106-2 (email from defense counsel stating "Argonaut is not going to contest the amounts of time spent in your fell bill. We are going to contest the $750 hourly rate and the multiplier."). However, Local Rule 7.3 specifically provides that "[i]f a party objects to an hourly rate, its counsel must submit an affidavit giving its firm's hourly rates for the matter and include any contingency, partial contingency, or other arrangements that could change the effective hourly rate." S.D. Fla. Local R. 7.3(a). Defense counsel was required to provide this affidavit within fourteen days after the filing and service of Plaintiffs' Motion for Fees, *id.*, but failed to do so. Thus, the time to provide the requested information in the form of an affidavit has passed. Because Defendant is challenging Plaintiffs' counsel's billing rate, it must disclose the billing rates of its own attorneys under the Local Rules.

Defense counsel's time sheets are also relevant to determining whether the time spent by Plaintiffs' counsel was reasonable and in evaluating the complexity of the case. As the Florida Supreme Court recognized in *Paton v. GEICO General Insurance Company*, "[t]he hours expended by the attorneys for the insurance company *will demonstrate the complexity of the case along with the time expended*, and may belie a claim that the number of hours spent by the plaintiff was unreasonable, or that the plaintiff is not entitled to a full lodestar computation*, including a multiplying factor*." 190 So. 3d 1047, 1052 (Fla. 2016) (emphasis added). Here, Plaintiffs are seeking a multiplier so the complexity of the case, including the novelty or difficulty of the issues

presented, is a factor to be considered. *See, e.g., Fla. Patient's Compensation Fund v. Rowe*, 472 So.2d 1145 (Fla. 1985). Thus, Defendant's time sheets, billing records, and their fee agreements are relevant and must be disclosed.

As to privilege, Defendant objected to Request Nos. 1 and 5 because "[a]n insurer's claim file includes communications with its attorneys and attorney fee bills" which "constitute attorney-client privilege and work product and will be protected from discovery prior to a determination of coverage." DE 106-1 at 5, 7. Defendant seemingly misconstrued the discovery requests, which seek attorney bills, time sheets, and fee agreements, not insurance claim files. In producing the responsive documents, Defendant may redact privileged information to the extent any is contained therein but must provide an appropriate privilege log with the production. *See* S.D. Fla. Local R. 26.1(e)(2); *Lincoln Nat'l Life Ins. Co. v. Biviano*, No. 09-82447-CIV, 2011 WL 13108073, at *4 (S.D. Fla. Apr. 13, 2011) ("[W]hen asserting a claim of privilege in this District it is incumbent upon the proponent to specifically and factually support his claim and to submit a privilege log . . . . '[G]eneral' or 'blanket claims' of privilege are insufficient to justify protection on the basis of privilege."). Accordingly, Defendant's objections to RFP Nos. 1 and 5 are overruled.

## II.     Plaintiffs' Amended Motion to Compel Responses to Interrogatories (DE 107)

Plaintiff also moves the Court to compel Defendant to respond to its Interrogatories Nos. 2 through 5 and 7 through 9. DE 107. Several of the Interrogatories at issue seek information similar to the RFPs discussed in Section I, *supra*. Interrogatory Nos. 5 and 7 seek general information about Defendant's fee experts and their opinions as to the lodestar amount or request for a multiplier in this case. DE 107-1 at 6-7. At the time Defendant responded to the discovery requests it had not yet retained experts. However, as directed above, now that the briefing schedule

has been set Defendant should have no further issue in finalizing its experts in this case such that Defendant shall respond to Interrogatory Nos. 5 and 7 on or before June 25, 2021, when its Response to Plaintiff's Motion for Fees is due.

Interrogatory Nos. 8 and 9 seek information regarding defense counsel's time, hourly rate, and fee agreement in this case. DE 107-1 at 8-9. Defendant asserts the same objections as those proffered in response to Plaintiffs' RFP—that the information is irrelevant and protected by attorney-client and work product privileges. *Id.* As stated above, the requested information is relevant and could help determine whether Plaintiffs are entitled to a full lodestar computation and/or a multiplier. *See Paton*, 190 So. 3d at 1052; S.D. Fla. Local R. 7.3. Further, describing the time spent on this matter and generally describing each entry does not require divulging "conclusions, opinions, or theories," as Defendant argues in its objection. DE 107-1 at 8. Defendant need not disclose any privileged information in answering the discovery requests, and to the extent it chooses to answer the Interrogatories by providing copies of attorney time sheets or fee agreements, Defendant may redact privileged information.

Interrogatory No. 2 seeks Defendant's "position" as to five topics related to the issues in this case, including "the likelihood that the acceptance of this bad faith case precluded other employment by Mr. Stewart," and "the fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature." DE 107-1 at 4-5. Defendant objects to the Request because the Requests asks for Defendant's "position" rather than facts, and Defendant's conclusions, opinions, or theories are protected by work product privilege. *Id.* Plaintiffs contend that the request simply "seeks to streamline discovery on the central issues." DE 107 at 4. Federal Rule of Civil Procedure 33 provides that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R.

Civ. P. 33(a)(2). "Requests for opinions or contentions that call for the application of law to fact, can be most useful in narrowing and sharpening the issues." Fed. R. Civ. P. 33(c) advisory committee's note. Thus, requests for opinions or contentions that call for the application of law to fact are proper. *In re Reliance Fin. & Inv. Grp., Inc.*, No. 05-80625-CIV, 2006 WL 8435541, at *3 (S.D. Fla. Feb. 14, 2006); *see also Suncast Technologies, L.L.C. v. Patrician Products, Inc.*, No. 07-80414-CIV, 2008 WL 179648, at *10 (S.D. Fla. Jan. 17, 2008) ("[C]ontention interrogatories constitute a valid and constructive discovery tool when used correctly."). Interrogatory No. 2 does not seek the Defendant's legal conclusions, rather, it asks Defendant to explain its basis for making certain contentions in the case. Defendant can provide these answers without providing privileged information. Therefore, Defendant's objection to Interrogatory No. 2 is overruled.

Finally, Interrogatory Nos. 3 and 4 ask Defendant to list the number of coverage action cases filed against it in Florida for the past five years and list those actions in which Defendant prevailed. DE 107-1 at 5. Defendant objects to these requests as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because "[w]hether or not AIC has filed or prevailed in any coverage action in the last five years has no bearing on the reasonableness of Plaintiffs' attorneys' fee request." *Id.* at 6. Plaintiffs respond that the information is relevant to the complexity of the case, the rarity of the issues, and whether litigating with this Defendant would preclude its attorneys from other employment. DE 107 at 5. The undersigned agrees with Defendant. The request is overbroad because it does not ask for duty to defend cases, cases relating to D&O policies, or provide any other limiting information from which the Court could ascertain how those cases compare to the matter at hand. It is also irrelevant in that knowing how many times Defendant was sued and whether Defendant prevailed does not shed

light on the arguments made in those cases and the comparative rarity or complexity of the specific issues raised in this case. Consequently, Plaintiffs' request to compel responses to Interrogatory Nos. 3 and 4 is denied.

## CONCLUSION

It is therefore, **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Compel (DE 106) is **GRANTED**. Defendant shall produce documents responsive to Plaintiffs' RFP Nos. 1 through 5 on or before Friday, June 5, 2021. It is further

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Compel (DE 107) is **GRANTED IN PART and DENIED IN PART**. Defendant shall respond to Plaintiffs' Interrogatory Nos. 2, 5, 7, 8 and 9 on or before Friday, June 25, 2021. The Motion is denied as to Plaintiffs' Interrogatory Nos. 3 and 4.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 7th day of June, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE