UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-14420-Rosenberg/Reinhart

ATLANTIC HEALTHCARE, LLC, et. al.,

        Plaintiffs,

v.

ARGONAUT INSURANCE COMPANY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTIONS FOR ATTORNEYS' FEES AND COSTS (ECF Nos. 146, 154)

This matter comes before me on a referral from the Honorable Robin L. Rosenberg. ECF No. 159. Currently pending are Plaintiffs' Consolidated Motions for Attorneys' Fees, Non-Taxable Expenses and Costs (ECF No. 146), Supplemental Fees (ECF Nos. 153, 154), and Expert Fees (ECF Nos. 155). In addition to the motions, I have reviewed Defendant's response papers (ECF Nos. 151, 166) and Plaintiffs' reply papers. ECF Nos. 152, 161. For the reasons stated below, I **RECOMMEND** that Plaintiffs' Consolidated Motion for Attorneys' Fees and Non-Taxable Expenses and Costs (ECF No. 146) be **GRANTED IN PART AND DENIED IN PART**; that Plaintiffs' Motions for Supplemental Fees (ECF Nos. 153, 154) be **DENIED**; and that Plaintiffs' Motion for Expert Fees (ECF No. 155) be **DENIED**.

## BACKGROUND

This fees dispute arises from a duty to defend action brought by Atlantic Healthcare, LLC, and its associated entities ("Atlantic") against their insurer, Argonaut Insurance Company ("Argonaut"). To the extent the underlying facts bear on the fees issue, they are summarized below.

Atlantic, a holding company operating a variety of retirement-related business ventures, purchased a corporate Directors and Officers liability policy (D & O policy) from Argonaut, a Maryland-based insurance company. ECF No. 73 at 1. On July 20, 2018, the estate of Lily Coombs brought suit in Florida state court against Atlantic, alleging *inter alia*, the existence of a sprawling corporate scheme that subjected Ms. Coombs, a patient at an Atlantic nursing home, to substantial fraud and mistreatment. ECF No. 73 at 4−6. Atlantic sought coverage under its D & O policy, but Argonaut denied the request, asserting that the estate's claims were beyond the scope of the policy. ECF No. 73 at 1.

On March 5, 2019, Atlantic filed a third-party complaint seeking a declaratory judgment that Argonaut had a duty to defend Atlantic against Ms. Coombs' lawsuit. *Id.*[1] On October 16, 2019, the state court severed the third-party action from the underlying lawsuit, and on November 7, 2019, Argonaut removed the coverage

---

[1] Atlantic retained Mesches & Johnson, P.L. to defend them against the state court claims brought by the Coombs Estate. ECF No. 146 at 30. Atlantic then retained the Law Offices of Todd S. Stewart, P.A. to pursue the third-party action against Argonaut. ECF No. 1-2.

dispute to federal court. ECF No. 73 at 1.[2] On February 9, 2021, Judge Rosenberg entered a declaratory judgment in Atlantic's favor declaring that Argonaut had a duty to defend Atlantic in the Coombs state court matter. ECF Nos. 73 at 8, 77, 82. Argonaut appealed the judgment (ECF No. 83), but the Eleventh Circuit affirmed the decision on September 22, 2021. ECF No. 142.[3]

These matters have been vigorously litigated by both sides, and Atlantic seeks reimbursement of nearly $800,000.00 in fees and costs, which includes a multiplier that would double its recovery for attorneys' fees incurred in this Court. Not surprisingly, Argonaut objects to many of the fees and costs sought, as well as the multiplier.

## DISCUSSION

In the American legal tradition, prevailing parties are generally not awarded attorney's fees. *See Est. of Smalbein v. Daytona Beach* (*Smalbein ex rel.*), 355 F.3d 901, 904 (11th Cir. 2003) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001)). But there are several exceptions to this rule depending on the law that governs the underlying issue. *Id.* Here, the insurance coverage action was governed by a Maryland choice of law provision contained in the D & O policy. Accordingly, Maryland law governs the recovery of any attorney's fees in this case. *See* 10 Charles Alan Wright, Arthur R. Miller, Mary

---

[2] Pursuant to Florida's choice of law rules, Maryland state law governed the substance of the duty to defend matter in accordance with the D & O policy.

[3] To defend the declaratory judgment on appeal, Atlantic retained Podhurst Orseck, P.A. as appellate counsel. ECF No. 146 at 24.

3

Kay Kane & Richard L. Marcus, Federal Practice and Procedures § 2669 at 263 (3d ed. 2014) (state law controls awards of attorney's fees).

In Maryland, there are four exceptions to the "American rule" that allow for the recovery of attorney's fees. *E. Shore Title Co. v. Ochse*, 453 Md. 303, 330 (2017).

> (1) [W]here a statute allows for the recovery of attorney's fees; (2) where the parties to a contract have an agreement regarding attorney's fees; (3) where the wrongful conduct of a defendant forces a plaintiff into litigation with a third party; or (4) where a plaintiff in a malicious prosecution action can recover damages from the defense of the criminal charge.

*Id.* (citing *Hess Constr. Co. v. Bd. of Educ.*, 341 Md. 155–60 (1996)).

Regarding the third-party exception, Maryland courts have held that an insured party who brings suit and prevails against their insurer in a duty to defend action is entitled to recover attorney's fees. *See Bausch & Lomb Inc. v. Utica Mut. Ins. Co.*, 355 Md. 566, 591 (1999) (granting attorney's fees to prevailing insured party when seeking declaratory judgment enforcing a duty to defend via third-party action); *Mesner v. Md. Auto. Ins. Fund*, 353 Md. 241, 264 (1996) (same).

Here, as Argonaut concedes, Atlantic is the prevailing party in its duty to defend action, and therefore, Atlantic is entitled to recover its reasonable fees and costs. *See* ECF No. 151. Argonaut only disputes the amount of fees sought.

### I. "FEES-ON-FEES" LITIGATION

As a threshold matter, the parties dispute whether Atlantic is entitled to recover fees for litigating its motion for attorneys' fees — commonly referred to as "fees-on-fees." In Maryland, recovery of fees-on-fees is at the discretion of the district court. *Friolo v. Frankel*, 403 Md. 443, 460 (2008) ("[T]he determination of an

4

appropriate award of fees-on-fees is within the district court's discretion.") (quoting *Mercer v. Duke University*, 301 F. Supp. 2d 454, 469 (M.D. N.C. 2004)). However, awards for fees-on-fees typically stem from a fee-shifting statute. *See Trimper v. Norfolk*, 58 F.3d 68, 77, (4th Cir. 1995) (assessing fees-on-fees for a claim under 42 U.S.C. § 1988); *Koons Buick Pontiac GMC, Inc. v. Household Auto. Finance Corp.*, 478 F.3d 183, 198 (4th Cir. 2007) (assessing fees-on-fees for a claim under the Federal Truth in Lending Act).

Notably, in its request for fees-on-fees, Atlantic fails to cite any applicable fee-shifting statute. Absent a fee-shifting statute, I find *Selective Way Insurance Co. v. Nationwide Property & Casualty Insurance Co.*, 242 Md. App. 688 (Md. Ct. Spec. App. 2019) to be instructive regarding the extent of fees that are recoverable in an insurance coverage action. In *Selective Way,* the Maryland appellate court permitted recovery of fees and expenses incurred in the underlying action, the third-party coverage action, the appeal of the coverage decision, and fees for time spent establishing the insured's entitlement to fees, all of which were found to be part of the insured's damages since they were incurred "as the direct result of the breach of contract." *Id.* at 759. Atlantic has not cited and I have found any Maryland authority that allows recovery of attorney's fees incurred for litigating the reasonableness of the amount of fees sought in an insurance coverage dispute.

Here, following the entry of the final declaratory judgment, Argonaut never contested Atlantic's general entitlement to fees. *See* ECF No. 94, 151 (contesting specific hours and fee rates, but not entitlement). The parties only disputed the

5

reasonableness of the amount Atlantic sought. Accordingly, Atlantic is barred from recovering attorneys' fees and expenses incurred in this action after the District Court's entry of final judgment on February 10, 2021 (ECF 82).[4]

## II. CALCULATION OF ATTORNEY'S FEES & COSTS

Maryland courts frequently use the federal lodestar method for calculating attorney's fees. *See, e.g., Garcia v. Foulger Pratt Dev., Inc.*, 155 Md. App. 634, 673-74, 845 A.2d 16, 39 (2003) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Under this method, attorney's fees are calculated by multiplying the number of hours reasonably billed by a reasonable hourly rate. *Id.* Once the court has an initial lodestar amount, it may adjust that sum using any of the twelve factors laid out by the Supreme Court when considering fee awards. *Blanchard v. Bergeron*, 489 U.S. 87, 91 n. 5 (1989)). The twelve factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

---

[4] This conclusion does not apply to the attorneys' fees and expenses Atlantic continued to incur in defending against the state court tort action nor to the fees and expenses necessitated by Argonaut's appeal of the declaratory judgment – those expenditures do not constitute fees-on-fees and are recoverable.

For the reasonable hourly rate, I look to "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–96 n.11 (1984). The party moving for fees bears the burden of producing "satisfactory evidence" that their request comports with the community's prevailing market rate. *Id.* The relevant community in question is typically where the suit is filed. *See e.g.*, Poole v. Textron, Inc. (*ex rel Elliot*), 192 F.R.D. 494, 508–09 (D. Md. 2000). I may also rely on my own knowledge of the local legal community in assessing the reasonableness of hourly rates. *CoStar Group, Inc. v. LoopNet, Inc.*, 106 F.Supp.2d 780, 788 (D. Md. 2000) (citing *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)).

When evaluating the number of hours reasonably billed, courts look for the proper exercise of "billing judgment." *Hensley*, 461 U.S. at 434. In doing so, the court reviews submitted timesheets for "'redundant, excessive, or otherwise unnecessary' hours." *Id.* Such entries indicate a lack of sound billing judgment and are accordingly excluded from fee calculations. However,

> trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

*Fox v. Vice*, 563 U.S. 826, 838 (2011).

**A. Mesches & Johnson, P.L.**

Before the third-party coverage action was removed to federal court, Atlantic retained Mesches & Johnson, P.L. to litigate the underlying tort action in Florida state court. ECF No. 146 at 30. Argonaut does not object to Mr. Johnson's hourly rate of $375.00, nor does it contest the majority of his billed hours. ECF No. 151 at 2–3, 6. Similarly, the hours and rates of Mr. Johnson's paralegal ($135) and legal assistant ($100) are unchallenged. *Id.* Based on my knowledge of the rates customarily charged in this District, I find their rates to be within the acceptable range.

Instead, Argonaut takes umbrage with several time entries that it alleges to be unrelated to Mr. Johnson's representation of Atlantic, related to fees-on-fees litigation, or indecipherably vague. ECF No. 151 at 3. These objections have some merit.

Several entries in the Mesches & Johnson invoices contain redactions or are part of grouped billing descriptions, making it difficult to ascertain whether the time spent on particular tasks was reasonable. *See* ECF No. 146-18 at 13-14. Other entries relate to Atlantic's motion for fees, which as set forth above, are not recoverable. *See* ECF No. 146-18 at 14. Accordingly, I find that Mr. Johnson's time should be reduced by 8.6 hours and that Atlantic is entitled to recover $49,006.00 in attorneys' fees incurred by Mesches & Johnson through October 6, 2021.[5]

---

[5] Presumably, Argonaut began direct payment of Mesches & Johnson's fees after the Eleventh Circuit affirmed the declaratory judgment on September 22, 2021. The breakdown of the recoverable fees until that time are: Mr. Johnson: $375.00/hour x 126.4 hours = $47,400.00; Paralegal: $135/hour x 11.6 hours = $1,566.00; Legal Assistant: $100.00/hour x 0.4 hours = $40.00. Notably, in its response papers,

With regard to costs, Mesches & Johnson requests $2,064.05 for filing fees, Westlaw research, PACER access, photocopies, Delaware corporate status reports, and a charge associated with a telephonic appearance. ECF No. 146-18 at 19–20. These costs are provided for in the D & O policy which broadly defines defense costs as "reasonable costs, charges, fees (including but not limited to attorney's fees and expert fees) and expenses. . . ." *See* ECF 146-19 at 1–2. Contrary to Argonaut's contention, defense costs under the policy are not limited to taxable costs under 28 U.S.C. § 1920. Rather, the policy provides for a broad array of costs, and I find the costs sought by Mesches & Johnson are reasonably related to Atlantic's defense against the underlying tort claims and are, therefore, recoverable under Argonaut's duty to defend.

### B. The Law Offices of Todd S. Stewart, P.A.

Atlantic retained the Law Offices of Todd S. Stewart, P.A. to handle the duty to defend action against Argonaut, which was primarily litigated in this Court. Argonaut does not contest the number of hours Mr. Stewart spent on the duty to defend action, the associated bill of costs, or the expenses of Mr. Stewart's paralegal and legal assistant. ECF No. 151 at 6. Argonaut, however, does object to Mr. Stewart's hourly rate, as well as the time he spent on the appeal and litigating fees-on-fees. *Id.*

Mr. Stewart requests an hourly rate of $750.00, which I find to be excessive for this routine duty to defend matter. While this case was vigorously litigated, at the

---

Argonaut concedes that Atlantic is entitled to recover $46,868.50 for Mr. Johnson's fees. ECF No. 151 at 6.

end of the day it was "merely an insurance case" and "did not involve highly complex issues of law" that would justify such a high hourly rate. *St. Louis Condo. Ass'n, Inc. v. Rockhill Ins. Co.*, No. 18-21365-CIV, 2019 WL 7905013, at *4 (S.D. Fla. Oct. 10, 2019) (citing *Beach Bars USA, LLC v. Indem. Ins. Corp. of DC*, 2015 WL 11422318, at *3 (S.D. Fla. May 6, 2015).

While recognizing Mr. Stewart's 30 years of experience litigating insurance matters, and his excellent reputation in the local legal community as evinced by his *curriculum vitae* (ECF No. 146-3 at 10 – 12) (showing a variety of professional activities including several honorifics), I find that the prevailing market rates for attorneys of similar experience in this area of expertise do not align with Mr. Stewart's requested rate of $750.00 per hour. Mr. Stewart states that in 2016 he was previously awarded a fee of $600.00 per hour for a similar action (ECF Nos. 146-3 at 3, 146 at 11), and I find that this remains an appropriate hourly rate for an attorney with his level of experience litigating this type of case.[6]

As for the time Mr. Stewart spent on this lawsuit, I have already determined that Atlantic cannot recover time Mr. Stewart spent litigating the reasonableness of his fees, and therefore, the 96 hours spent on that phase of litigation and 16.5 hours in supplemental fees will be excluded. With regard to the hours Mr. Stewart spent on Argonaut's appeal of the declaratory judgment, I find that Atlantic is entitled to reimbursement for some of the time Mr. Stewart spent supervising the appellate

---

[6] In its response, Argonaut suggests that Mr. Stewart's hourly rate should be in the $550-$600 range. ECF No. 151 at 7.

work. I will, however, deduct 4.1 hours from the 16.6 hours Mr. Stewart seeks in relation to the appeal due to redundant and vague billing entries.[7] Based on these reductions in Mr. Stewart's billing rate and time spent, I find that Atlantic is entitled to recover fees for the work done by Mr. Stewart's firm in the amount of $170,380.00.[8]

In his original Bill of Costs (ECF No. 91), Mr. Stewart sought $737.63 for clerk fees, transcription charges, and printing expenses. ECF No. 91. In his consolidated Motion (ECF No. 146), Mr. Stewart revises his costs and seeks $2,888.59 to account for various other expenses. *See* ECF No. 146-3 at 54–55. These new expenses include $1,701.91 in costs incurred litigating fees-on-fees. *Id.* (including charges for fee expert depositions as well as associated postage and filing fees). For the reasons stated above, these requested costs will be denied. Accordingly, Atlantic is entitled to recover costs incurred by the Law Offices of Todd S. Stewart, P.A. in the amount of $1,186.68.

### C. Podhurst Orseck, P.A.

Atlantic retained appellate counsel, Podhurst Orseck, P.A., to handle Argonaut's appeal to the Eleventh Circuit. ECF 146 No. at 24. Argonaut does not contest any fees or costs charged by appellate counsel (ECF No. 151 at 10), but I am obligated to conduct an independent assessment of the reasonableness of their fees.

---

[7] For example, Mr. Stewart purportedly spent 1.4 hours preparing an "appellate reply brief," but Atlantic retained an appellate law firm to perform that task and they are recovering fees incurred by that law firm. ECF No. 146-3 at 48. Another entry billed 0.5 hours for a telephone call concerning "appellate counsel re: issues." ECF No. 146-3 at 54.

[8] The breakdown of these fees are as follows: Mr. Stewart: $600.00/hour x 281.2 hours = $168,720.00; Ms. Guest (paralegal): $125.00/hour x 12.4 hours = $1,550.00; Ms. Barcelos (legal assistant): $100.00/hour x 1.1 hours = $110.00.

11

Mr. Rosenthal is a partner at Podhurst Orseck, P.A. where he has practiced for over twenty years. ECF No. 146-13 at 17. He is a Harvard Law graduate, former clerk to Judge Barkett of the Eleventh Circuit, and winner of numerous accolades. ECF No. 146-13 at 21. He has also been awarded an hourly rate in excess of $750.00 for his appellate work in a recent breach of contract case. *See Circuitronix, LLC v. Shenzhen Kinwong Elec. Co. LTD, et al.*, No. 17-cv-22462-Ungaro (S.D. Fla. Dec. 20, 2019) (awarding Mr. Rosenthal an hourly rate of $775.00 an hour). Here, he seeks an hourly rate of $750.00.

Ms. Lauck is a staff attorney at Podhurst Orseck, P.A. where she has focused on appeals since 2015. ECF No. 146-13 at 17. She graduated *summa cum laude* from the University of Miami Law School, clerked for Judge Barkett on the Eleventh Circuit for six years, and taught legal writing as an adjunct professor at her *alma mater*. ECF No. 146-13 at 24. Ms. Lauck seeks an hourly rate of $455.00.

Applying my knowledge of similar attorneys practicing in the District, I find that these hourly rates are reasonable for appellate work in this District. Accordingly, Atlantic is entitled to recover $50,120.00 for the appellate fees charged by Podhurst Orseck, P.A.[9]

Regarding costs, Prohurst Orseck, P.A. seeks $61.37 for Westlaw research and postage. ECF No. 146 at 26. Because Argonaut does not object to these costs (ECF

---

[9] The breakdown of these fees is as follows: Rosenthal: $750.00/hour x 18.9 hours = $14,175.00; Ms. Lauck: $455.00/hour x 79 hours = $35,945.00.

12

No. 151 at 10) and I find that they are reasonable, Atlantic is entitled to recover the full $61.37 in appellate costs.

### III. EXPERT FEES

Atlantic retained two experts, Mr. Benrubi and Mr. Harris, to assess the reasonableness of the fees charged by Atlantic's attorneys and the costs they accrued throughout the state court, federal court, and appellate actions. Atlantic seeks recovery of their expert fees in the amount of $34,037.50. Atlantic has not offered any legal basis for the recovery of these fees and I decline to award them. Although, in the past, Local Rule 7.3 of the Southern District required such expert witness support for the reasonableness of requested attorney's fees, this requirement was eliminated in 2010. *See Duke v. MS & RE KESEF Corp.*, 11-22122-CIV, 2013 WL 12246355 at *8 n.7 (S.D. Fla. Feb. 5, 2013). Moreover, it is well settled that a motion for fees should not devolve into a "second major litigation." *Hensley*, 461 U.S. at 437; *Cody v. Caterisano*, 631 F.3d 136, 145 (4th Cir. 2011). Permitting recovery of such an exorbitant and unnecessary expense would run afoul of this tenet.

### IV. PRE-JUDGMENT INTEREST

Under Maryland law, awards of prejudgment interest are governed by three applicable categories. First, "[p]rejudgment interest must be granted when 'the obligation to pay and the amount due' are 'certain, definite, and liquidated by a specific date prior to judgment.'" *Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 311 (4th Cir. 2020) (quoting *Buxton v. Buxton*, 363 Md. 634, 656 (2001)). Second, prejudgment interest may not be granted in certain tort actions where damage amounts are imprecise. *Id.* Third, prejudgment interest "*may* be granted" in other

contract cases at the discretion of the trier of fact. *Id.* (emphasis in original). Generally, this third category is the "default" for most contract cases. *Id.* (citing *Harford v. Saks Fifth Avenue Distribution Co.*, 399 Md. 73, 93–96 (2007)).

Here, Atlantic urges that this case falls under the first category covering fixed payment obligations. ECF No. 146 at 34. Argonaut counters that this case falls under the third category covering other contract disputes. ECF No. 151 at 13. Given that attorney's fees are seldom certain and rarely definite, I find that this case falls into third category that generally covers contract disputes.

Under this third category, an award of prejudgment interest is discretionary rather than mandatory. *Parkway*, 961 F.3d at 311 ("prejudgment interest *may* be granted. . . .") (emphasis in original) (quoting *Buxton v. Buxton*, 363 Md. 634, 656 (2001)). Given Maryland's preference for limiting prejudgment interest to cases where the losses are of known obligation and quantity *(see Buxton*, 363 Md. at 656), I decline to award prejudgment interest in this matter.

## V.     MULTIPLIER & ENHANCEMENT

Once a lodestar amount is set, a court may consider whether an adjustment to that sum is warranted. *Monmouth*, 416 Md. at 333. To guide this decision, Maryland courts apply the same 12 factors used to calculate the lodestar. *Id.; see supra* p. 6. Of these factors, the Maryland Supreme Court has designated the degree of success in litigation "a crucial factor." *Friolo v. Frankel*, 403 Md. 443, 460 (2008) (quoting *Hensley*, 461 U.S. at 440).

14

However, the United States Supreme Court has cautioned that enhancements to fee awards should only be awarded in "rare and exceptional circumstances." *Perdue v. Kenny A. (ex. rel. Winn)*, 559 US 542, 553–554 (2010). Maryland has taken a similar position and only considers fee enhancements in cases of "exceptional success." *See Friolo v. Frankel*, 373 Md. 501, 525 (2003) ("in cases of 'exceptional success,' an enhanced award may be justified." (quoting *Hensley*, 461 U.S. at 434)). Even in cases where lawyers achieve "excellent results," Maryland courts have been advised to award fees rather than enhancements. *See Hyundai Motor Am. v. Alley*, 183 Md. App. 261, 277 (2008) (citing *Friolo*, 373 Md. at 504) (explaining that enhancements are to be reserved to "exceptional success" and that attorneys who achieve "excellent results" should receive their full fee as determined under the lodestar reasonableness analysis).

Here, there is no doubt that Mr. Stewart achieved a favorable result at the summary judgment stage, securing Atlantic a declaratory judgment regarding Argonaut's duty to defend. ECF 83. Nevertheless, I do not find that any exceptional circumstances exist here, so as to justify an enhancement of Mr. Stewart's fees.

I am not persuaded by Mr. Stewart's claim that a multiplier is appropriate for this case because "[t]his specific policy language had never been interpreted." ECF No. 146 at 22. Mr. Stewart relies on *Sos v. State Farm Mut. Auto. Ins. Co.*, No. 6:17-CV-890-PGB-LRH, 2021 WL 1186811 (M.D. Fla. Mar. 19, 2021), but that case is easily distinguishable. There, a multiplier was awarded when plaintiffs prevailed in a complex class action centered around a novel legal theory. *Id.* at *7. Here, the

15

"novel" part of this lawsuit was the insurance policy itself – a new fact pattern – not a groundbreaking legal theory that the *Sos* court found deserving of an enhanced award. *Id.*

It is also significant that Mr. Stewart was not retained on a contingent basis. Rather, he was receiving payments from Atlantic pursuant to his fee agreement. This agreement not only billed Atlantic at Mr. Stewart's requested rate of $750.00 per hour, but also included a $10,000.00 retainer fee. The fact that Mr. Stewart's agreement contained an "Alternative Fee Clause" did not create a risk of unpaid work: the type of risk for which enhanced awards are used to compensate. *See Sos v. State Farm Mut. Auto. Ins. Co.*, No. 6:17-CV-890-PGB-LRH, 2021 WL 1186811, at *7 (M.D. Fla. Mar. 19, 2021) (awarding a 2.5 multiplier for highly complex and novel litigation taken on contingency).

For all these reasons, no enhancement or multiplier is warranted.

## RECOMMENDATION

Based on the foregoing, I recommend that Atlantic's Consolidated Motion for Attorney's Fees and Non-Taxable Expenses and Costs (ECF 146) be **GRANTED IN PART AND DENIED IN PART**; Atlantic's Motions for Supplemental Fees (ECF 153–54) be **DENIED**; and Atlantic's Motion for Expert Fees (ECF 155) be **DENIED**. Atlantic should be awarded fees and costs as follows:

<u>Mesches & Johnson, P.L.</u>

| | |
|---|---|
| Attorneys' Fees: | $49,006.00 |
| <u>Costs:</u> | <u>$2,064.05</u> |
| **Total:** | **$51,070.05** |

<u>The Law Offices of Todd S. Stewart, P.A.</u>

| | |
|---|---|
| Attorneys' Fees: | $170,380.00 |
| <u>Costs:</u> | <u>$1,186.68</u> |
| **Total:** | **$171,566.68** |

<u>Podhurst Orseck, P.A.</u>

| | |
|---|---|
| Attorneys' Fees: | $50,120.00 |
| <u>Costs:</u> | <u>$61.37</u> |
| **Total:** | **$50,181.37** |

**Total Recovery:**     **$272,818.10**

## <u>NOTICE OF RIGHT TO OBJECT</u>

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THEY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**DONE AND SUBMITED** in Chambers this 26th day of July, 2022 at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE